IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| Levita Simmons, Administrator of the Estate of Arthur Scott, and Jeffrey Orvis, Administrator of the Estate of James Orvis,<br><br>        Plaintiffs,<br><br>vs.<br><br>Tyson Foods, Inc., doing business as Tyson Pet Products, and Tyson Fresh Meats Group, a wholly owned subsidiary of Tyson Foods, Inc., John H. Tyson, Noel W. White, Dean Banks, Steven R. Stouffer, Tom Brower, Mary A. Oleksink, Elizabeth Croston, Scott Walston, David Scott, Tom Hart, Cody Brustkern, John Casey, Bret Tapken, Hamdija Beganovic, Ramiz Mujelic, and Unknown Plant Managers and Supervisors at Tyson Waterloo Plant and Unknown Plant Managers and Supervisors at Tyson Independence Plant,<br><br>        Defendants. | CASE NO. 6:21-cv-02036 |

**BRIEF IN SUPPORT OF
MOTION TO DISMISS INDIVIDUAL DEFENDANTS**
**JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEVEN R. STOUFFER, TOM BROWER, MARY A. OLEKSINK, ELIZABETH CROSTON, SCOTT WALSTON, DAVID SCOTT, and RAMIZ MUJELIC**

**(Oral Argument Requested)**

## TABLE OF CONTENTS

                                                  **Page**

INTRODUCTION AND STATEMENT OF ISSUES ................................................... 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................. 2

    I.     Plaintiffs' claim is barred in this Court under the Iowa Workers' Compensation Act. ................................................................................... 2

    II.    Plaintiffs' attempt to avoid the IWCA with conclusory allegations of gross negligence is insufficient under well-established Iowa case law. ................................................................... 3

          A.     The complaint fails to allege gross negligence as to each Individual Defendant. ................................................................. 4

          B.     The complaint fails to plausibly allege facts to establish "actual knowledge that injury was probable." ............................. 6

          C.     The complaint fails to allege "conscious failure to avoid peril." ............................................................................................ 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Bushong*,
   829 N.W.2d 191, 2013 WL 530961 (Iowa Ct. App. 2013) .................................. 8, 9

*Del Castillo v. PMI Holdings N. Am. Inc.*,
   Civ. A. No. 4:14-CV-03435, 2016 WL 3745953 (S.D. Tex. July 13,
   2016) .................................................................................................................... 5

*Dudley v. Ellis*,
   486 N.W.2d 281 (Iowa 1992) ........................................................................... 4, 8

*Ganka v. Clark*,
   941 N.W.2d 356, 2019 WL 6358301 (Iowa Ct. App. 2019) ........................... 1, 7, 9

*Gerace v. 3-D Mfg. Co.*,
   522 N.W.2d 312 (Iowa Ct. App. 1994) ................................................................. 4

*Good v. Tyson Foods, Inc.*,
   756 N.W.2d 42 (Iowa Ct. App. 2008) ................................................................... 6

*Henrich v. Lorenz*,
   448 N.W.2d 327 (Iowa 1989) ....................................................................... 3, 4, 7

*Hernandez v. Midwest Gas Co.*,
   523 N.W.2d 300 (Iowa Ct. App. 1994) ............................................................. 6, 7

*Juarez v. Horstman*,
   797 N.W.2d 624, 2011 WL 441523 (Iowa Ct. App. 2011) ..................................... 9

*Kerrigan v. Errett*,
   256 N.W.2d 394 (Iowa 1977) ............................................................................... 6

*Nelson v. Winnebago Indus., Inc.*,
   619 N.W.2d 385 (Iowa 2000) ........................................................................... 4, 7

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
   60 F. Supp. 3d 331 (E.D.N.Y. 2014) ..................................................................... 5

*Simmons v. Acromark, Inc.*,
   No. 00-1625, 2002 WL 663581 (Iowa Ct. App. Apr. 24, 2002) ............................. 5

*Tigges v. City of Ames*,
   356 N.W.2d 503 (Iowa 1984) ............................................................................... 3

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

**CASES (CONT.)**

*Vandelune v. Synatel Instrumentation, Ltd.*,
   No. C95-3087, 1999 WL 33655731 (N.D. Iowa June 23, 1999) ............................ 10

*Walker v. Mlakar*,
   489 N.W.2d 401 (Iowa 1992) ................................................................................ passim

*Woodruff Constr. Co. v. Mains*,
   406 N.W.2d 787 (Iowa 1987) .............................................................................. 8

**STATUTES**

Iowa Code § 85.3(1) ............................................................................................ 2

Iowa Code § 85.20(2) ....................................................................................... 4, 9, 10

## INTRODUCTION AND STATEMENT OF ISSUES

Plaintiffs allege that their relatives, Arthur Scott and James Orvis, experienced workplace injuries while working at Tyson's Waterloo and Independence, Iowa facilities and that various individual defendants—all past or present Tyson employees—contributed to those injuries. Plaintiffs allege a single claim for "Gross Negligence" against all Defendants collectively—but *no allegations* are directed to any of the individual defendants that are the subject of this Motion.[1]

This Court is the wrong forum to resolve Plaintiffs' claim. Iowa has a strict, no-fault workers' compensation system that is overseen by the Workers' Compensation Commissioner. Plaintiffs' claims against the Individual Defendants are barred—at least in this Court— under the exclusive remedy provisions of the Iowa Workers' Compensation Act ("IWCA"), which directs that workplace injury  claims must be adjudicated by the Iowa Division of Workers' Compensation.

Plaintiffs try to circumvent the IWCA by recasting the workplace injury claim as a claim for "gross negligence." But their allegations come nowhere near gross negligence, which is "exceptionally difficult for plaintiffs to prove" because it requires "more than a showing of the defendant's actual or constructive knowledge of the 'actuarial foreseeability' that accidents will happen." *Ganka v. Clark*, 941 N.W.2d 356 (Table), 2019 WL 6358301, at *2 (Iowa Ct. App. 2019) (quoting *Hernandez v. Midwest Gas Co.*, 523 N.W.2d 300, 305 (Iowa Ct. App. 1994)). Gross negligence also requires specific allegations that an individual personally breached a duty to the plaintiff. The complaint contains none of these allegations.

---

[1] This Motion is brought on behalf of six Individual Defendants—John H. Tyson, Noel W. White, Dean Banks, Steven R. Stouffer, Tom Brower, Mary A. Oleksink, Elizabeth Croston, Scott Walston, David Scott, and Ramiz Mujelic. The remaining Individual Defendants are represented by separate counsel.

The complaint claims workplace injury. The only appropriate forum for that claim is the Iowa Division of Workers' Compensation—not this Court. The complaint should be dismissed.

## BACKGROUND

Plaintiffs filed this lawsuit in the Iowa District Court for Black Hawk County in April 2021, naming seventeen Defendants: Tyson Foods, Inc., Tyson Fresh Meats, Inc., and fifteen individual Tyson employees. [*See* Dkt. 1-1 at 1-34 (hereafter, "Compl.")] Defendants timely removed to this Court based on federal officer and federal question jurisdiction. [Dkt. 1]

The complaint alleges that Mr. Scott worked at the Independence facility; that Mr. Orvis worked at the Waterloo facility; that they contracted COVID-19; and that they passed away from the disease. [Compl. ¶¶ 16-17, 147-49, 151-52] But the complaint alleges no specific facts as to when, how, or why they contracted COVID-19, nor does the complaint include allegations that address or rule out contraction from other community sources of infection.

The complaint asserts a single cause of action for "Gross Negligence" collectively against all Defendants. [*Id.* ¶¶ 153-62] Not a single allegation is directed to any of the Defendants individually; instead, the claim is directed against the "Defendants" collectively as a group. [*Id.* ¶¶ 154-60, 162] In fact, the complaint refers to each moving Individual Defendant by name only once—to state their past or present job title or responsibilities with Tyson. [*Id.* ¶¶ 21-34]

## ARGUMENT

### I. Plaintiffs' claim is barred in this Court under the Iowa Workers' Compensation Act.

The IWCA applies when an employee sustains "personal injuries . . . arising out of and in the course of the employment." Iowa Code § 85.3(1). Plaintiffs plainly allege that Mr. Scott and Mr. Orvis suffered workplace injuries while working at Tyson.

[*E.g.*, Compl. ¶¶ 16-17 ("worked" at Tyson), 159 (alleging gross negligence based on alleged failure to comply with "OSHA guidelines" to "stem the spread of coronavirus among their employees")]

The IWCA therefore provides Plaintiffs' "exclusive and only" remedy for alleged workplace injuries under Iowa Code § 85.20. And it applies to coemployees, including managers and executives. The IWCA "is an injured worker's exclusive remedy against an employer *or coemployee*, thereby providing the employer and coemployee immunity from common law tort liability." *See Walker v. Mlakar*, 489 N.W.2d 401, 403 (Iowa 1992) (emphasis added); *Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989) ("executive officers and representatives of the employer" are employees for purposes of the IWCA exclusivity provision).

Under Iowa law, the only proper forum for resolving those claims is the Iowa Division of Workers' Compensation—not this Court. *See Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984) (affirming dismissal for lack of subject matter jurisdiction where the IWCA's exclusivity provision applies).

This Court should dismiss the complaint on this basis alone.

## II. Plaintiffs' attempt to avoid the IWCA with conclusory allegations of gross negligence is insufficient under well-established Iowa case law.

Plaintiffs try to plead around the exclusivity provisions of the IWCA by styling their claim as one for "Gross Negligence" against the Individual Defendants. That attempt should be rejected.

The IWCA "is an injured worker's exclusive remedy against an employer or coemployee" and provides "coemployee[s] immunity from common law tort liability." *Walker*, 489 N.W.2d at 403. Moreover, the Iowa Supreme Court has confirmed that "executive officers and representatives of the employer . . . are expressly said to be employees under the statute" for purposes of the IWCA exclusivity provision. *Henrich*, 448 N.W.2d at 332.

There is a "narrow" exception—one that is "very difficult to prove"—where a plaintiff can show that a coemployee has engaged in "gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." *Henrich*, 448 N.W.2d at 332; *Gerace v. 3-D Mfg. Co.*, 522 N.W.2d 312, 315 (Iowa Ct. App. 1994); *see also* Iowa Code § 85.20(2).

The Iowa Supreme Court has stressed, however, that mere negligence—or even "gross negligence"—is not enough. The additional element of "wanton neglect" is required. *See Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 390 (Iowa 2000) ("The requirements of this statute impose a substantial burden on a plaintiff attempting to sue a coemployee because it requires *wanton* neglect."); *Dudley v. Ellis*, 486 N.W.2d 281, 283 (Iowa 1992) ("[A]dding the requirement of wantonness severely restricted the application of section 85.20.").

Thus, the Iowa Supreme Court has "stringently maintained" that three elements are required to prove "gross negligence" and "wanton neglect" under the IWCA:

(1) knowledge of the peril to be apprehended;

(2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and

(3) a conscious failure to avoid the peril.

*Walker*, 489 N.W.2d at 403 (citing *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981)). Here, the complaint fails to allege facts sufficient to satisfy this narrow exception as to any Individual Defendant for multiple reasons.

### A. The complaint fails to allege gross negligence as to each Individual Defendant.

As an initial matter, all three required elements of gross negligence must be individually pleaded for each of the Individual Defendants. *Henrich*, 448 N.W.2d at 333 ("In order to recover for her injuries from a coemployee, [plaintiff's] claims of gross negligence must meet all the requirements of *Thompson* as to that coemployee.");

*Simmons v. Acromark, Inc.*, No. 00-1625, 2002 WL 663581, at *2 (Iowa Ct. App. Apr. 24, 2002) ("The [gross] negligence claims apply separately to each defendant."). In other words, a claim for gross negligence cannot be alleged through "'group pleading' . . . that fails to distinguish between the defendants." *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014); *Del Castillo v. PMI Holdings N. Am. Inc.*, Civ. A. No. 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016) ("[L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6).").

Here, the complaint simply groups all of the Defendants together and asserts that they collectively engaged in various alleged acts or omissions, with no attempt to plead which specific defendant was allegedly responsible for any given conduct. [*E.g.*, Compl. ¶¶ 73, 79-80, 133-38, 153-62] Indeed, other than identifying their job titles, the complaint fails to assert *any* fact against *any* of the moving Individual Defendants. [*See id.* ¶¶ 21-34]

Job titles are not enough. Even a "manager of safety" is not simply presumed to have actual knowledge of conditions affecting safety; actual, specific knowledge is required. *See Walker*, 489 N.W.2d at 402, 406 (affirming dismissal, ruling that allegations that coemployees held positions of "manager of safety, health and environment" and "safety engineer" were "insufficient, standing alone, to [demonstrate] 'actual knowledge' of [unsafe workplace conditions]"). By failing to "distinguish between the defendants," Plaintiffs have impermissibly "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct," and the complaint therefore "fail[s] to satisfy [Rule 8's] minimum standard." *Schwartzco Enters.*, 60 F. Supp. 3d at 356 (dismissing claim for gross negligence) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)).

Further, gross negligence against a coemployee requires something more—that the coemployee personally breached a specific duty to the plaintiff. Indeed, even under the rule prior to amendment of § 85.20, which allowed suits among coemployees based on ordinary negligence, personal liability still could not "be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See Kerrigan v. Errett*, 256 N.W.2d 394, 397 (Iowa 1977).

Here, in contrast, the complaint contains no factual allegations regarding any action personally taken by the moving Individual Defendants alleged to have been grossly negligent. It simply alleges that each is (or was) a Tyson employee and therefore, by implication, is liable for workplace safety. Such generalized and sparse allegations do not suffice under federal pleading standards or Iowa law. The gross negligence claim is therefore barred by the IWCA. *See Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008) (rejecting claim for gross negligence brought against individual supervisor and employer because it "squarely falls within the ambit of" the IWCA) (quoting *Kloster v. Hormel Foods Corp.*, 612 N.W.2d 772, 774 (Iowa 2000)).

B.     **The complaint fails to plausibly allege facts to establish "actual knowledge that injury was probable."**

To satisfy the required element of knowledge of probable injury, the complaint must allege "that the defendants *knew* their actions would place their coemployee in *imminent* danger, so that someone would *more likely than not* be injured by the conduct." *Hernandez*, 523 N.W.2d at 305 (emphasis added). Consistent with Iowa's "strict" application of these requirements, "an injured worker must prove . . . that a coemployee *actually* knew of a peril or hazard." *Walker*, 489 N.W.2d at 404 (emphasis added). Constructive knowledge is not enough:

> For us to say that a coemployee's constructive knowledge or constructive "consciousness" of a hazard, without any actual knowledge thereof, is adequate to establish the co-employee's "gross negligence," would be to require plant safety managers and safety engineers to become the insurers of other employees for every potential peril, real or otherwise, within the plant.

*Id.* at 405.

Here, the complaint alleges no facts suggesting that any of the Individual Defendants had actual knowledge that their alleged conduct would place Mr. Simmons or Mr. Orvis (or anyone else) at risk of imminent and likely injury. As noted above, constructive knowledge is not sufficient to plead gross negligence. *See Hernandez, Ganka, supra.*

Moreover, gross negligence requires not just "actual knowledge," but "knowledge that injury is a probable, as opposed to a possible, result of the danger." *Walker*, 489 N.W.2d at 403. Actual knowledge is "exceptionally difficult for plaintiffs to prove" because it requires more than a showing of the coworkers' "knowledge of the actuarial foreseeability—even certainty—that 'accidents will happen.'" *Henrich*, 448 N.W.2d at 334 n.3; *Ganka*, 941 N.W.2d 356, 2019 WL 6358301, at *2. Instead, the plaintiff "must show the defendant 'knew their actions would place their [coemployee] in imminent danger, so that someone would more likely than not be injured by the conduct.'" *Ganka*, at *2 (alteration in original) (quoting *Hernandez*, 523 N.W.2d at 305).

As the cases make clear, actual knowledge that injury was probable is an extremely high bar and would seem to require near criminal misconduct. *See, e.g.*:

**Nelson v. Winnebago Indus., Inc.**, 619 N.W.2d 385, 390-91 (Iowa 2000)

- Coemployees "sneaked up behind [the plaintiff,]" began taping him "like a 'mummy' with duct tape" until the plaintiff "couldn't move," and then seven or eight men "carried him a distance estimated by the plaintiff to be ten to fifteen feet to a shower, where he was dropped."

- But no gross negligence, because there was no evidence that the plaintiff's coemployees knew "that injury to the plaintiff was a probable, as opposed to a possible, result" of their conduct.

***Dudley v. Ellis***, 486 N.W.2d 281, 283-84 (Iowa 1992)

- Coemployee working with plaintiff prematurely activated a 120-volt wire, causing an electrical explosion resulting in severe injuries.

- But no gross negligence, due to lack of evidence that the coemployee knew that injury would probably result because "the explosion was caused by a combination of factors" rather than directly by the coemployee's actions.

***Woodruff Constr. Co. v. Mains***, 406 N.W.2d 787, 789 (Iowa 1987)

- Plaintiff's supervisor knew there was a dangerous "soft spot" on the roof that he and the plaintiff were repairing but "ordered [the plaintiff] to report to him" knowing that the soft spot was between them, causing the plaintiff to walk into the hole.

- But no gross negligence: "While [the supervisor's] abusive activities in regard to his employees could well be found to amount to negligence . . . we do not believe that the requisite showing of probability of injury required by section 85.20 was established." *Id.* at 790-91.

***Anderson v. Bushong***, 829 N.W.2d 191 (Table), 2013 WL 530961, at * 1 (Iowa Ct. App. 2013)

- The plaintiff "shattered his heel bones after falling eleven feet from the deck of a construction site" because his supervisors failed to "follow[] federal regulations or the construction company manual regarding safe practices for covering stairwell holes."

- But no gross negligence: "We disagree that the defendants' knowledge of the [safety] violations [at the plaintiff's worksite] satisfied the high hurdle posed by the second requirement under section 85.20—that either coworker knew [the plaintiff's] injury

was a 'probable' consequence of the failure to enforce safety rules."
*Id.* at \*5 (citing *Thompson*, 312 N.W.2d at 505).

Here, the complaint does not set forth *any* factual allegations that any Individual Defendant had actual knowledge that Mr. Scott's or Mr. Orvis' tragic deaths were "more likely than not" to occur.

### C. The complaint fails to allege "conscious failure to avoid peril."

Gross negligence requires "such lack of care as to amount to wanton neglect for the safety of another," including a "conscious failure to avoid the [alleged] peril." *Walker*, 489 N.W.2d at 403; Iowa Code § 85.20(2). In that regard, Iowa courts recognize "an important difference between" a coemployee's alleged *failure* to take action to improve safety conditions, and allegations that a coemployee affirmatively "issued directives for their co-employees to continue performing operations the supervisors knew would place the co-employees in harm's way." *See Juarez v. Horstman*, 797 N.W.2d 624 (Table), 2011 WL 441523, at \*4 (Iowa Ct. App. 2011); *Walker*, 489 N.W.2d at 406 ("Plaintiff here could have established defendants' gross negligence only by showing that defendants *actually* knew of the drop-off but nevertheless ordered or otherwise forced Clifton to confront it.").

At best, the complaint here alleges only that the Individual Defendants failed to take actions that allegedly would have *improved* safety conditions more than measures that were taken. [*See, e.g.*, Compl. ¶¶ 122 (alleging that Tyson failed to "increase cleaning or sanitizing"), 134 (criticizing Tyson's provision of COVID-19 antibody testing to employees rather than COVID-19 virus testing), 136 (alleging "Tyson could have easily implemented" various additional measures that it allegedly "failed" to adopt), 160 (alleging various workplace measures that Defendants allegedly "failed to" implement)] That is not remotely akin to ordering employees to walk into a known drop-off or other such perils. *Ganka*, 941 N.W.2d 356, 2019 WL 6358301, at \*3 (finding no gross negligence even though "[the defendant] could have taken

- 9 -
Case 6:21-cv-02036-LRR-KEM   Document 4-1   Filed 06/28/21   Page 13 of 16

steps to reduce this risk. . . . [,] could have permitted the use of a telehandler, arranged for his crews to have specialized training, or made sure the crewmembers read safety manuals").

Nor are allegations of failure to comply with OSHA guidelines sufficient. *See Vandelune v. Synatel Instrumentation, Ltd.*, No. C95-3087, 1999 WL 33655731, at *3 (N.D. Iowa June 23, 1999) (holding that even if coemployee "did have actual knowledge that the sensor did not comply with OSHA regulations, this failure does not meet the test for a finding of gross negligence").

\* \* \*

In sum, the complaint fails to set forth factual allegations plausibly suggesting that any of the Individual Defendants committed an affirmative act constituting "such lack of care as to amount to wanton neglect for the safety of" Mr. Scott or Mr. Orvis under the exceptionally narrow and stringent exception to the IWCA. Iowa Code § 85.20(2); *Walker*, 489 N.W.2d at 405. Allowing the claim to proceed would contravene the purpose of the IWCA's exclusivity provision by "requir[ing] plant safety managers . . . to become the insurers of other employees for every potential peril, real or otherwise, within the plant." *Id.*

## CONCLUSION

This Court is the wrong forum to resolve Plaintiffs' claim alleging workplace injury. Under the IWCA, such claims must be adjudicated by the Iowa Division of Workers' Compensation. For that reason, and the reasons set forth in Tyson's Motion to Dismiss, which the Individual Defendants join, Plaintiffs' claim should be dismissed with prejudice.

Dated: June 28, 2021               Respectfully submitted,


  /s/  Kevin J. Driscoll
Kevin J. Driscoll         AT0002245
Andrew T. Patton        AT0011703
**FINLEY LAW FIRM, P.C.**
699 Walnut Street, Suite 1700
Des Moines, Iowa 50309
Telephone: 515-288-0145
Facsimile:  515-288-2724
Email: kdriscoll@finleylaw.com
       apatton@finleylaw.com

Christopher S. Coleman
(*pro hac vice* forthcoming)
Jessica L. Everett-Garcia
(*pro hac vice* forthcoming)
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: 602.351.8000
Facsimile: 602-648.7000
Email: CColeman@perkinscoie.com
       JEverettGarcia@perkinscoie.com

**ATTORNEYS FOR TYSON FOODS, INC., TYSON FRESH MEATS GROUP, JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEVEN R. STOUFFER, TOM BROWER, MARY A. OLEKSINK, ELIZABETH CROSTON, SCOTT WALSTON, DAVID SCOTT, AND RAMIZ MUJELIC**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2021, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system as follows:

Elizabeth Araguas
**NIDEY ERDAHL MEIER & ARAGUÁS, PLC**
425 2nd Street SE, Suite 1000
Cedar Rapids, Iowa 52401
earaguas@eiowalaw.com

Jon Loevy
Gayle Horn
Roshna Bala Keen
Mark Loevy-Reyes
Katie Roche
**LOEVY & LOEVY**
311 N. Aberdeen
Chicago, Illinois 60607
jon@loevy.com
gayle@loevy.com
roshna@loevy.com
mark@loevy.com
katie@loevy.com

*Attorneys for the Plaintiffs*

Nicholas Klinefeldt
**FAEGRE DRINKER BIDDLE & REATH LLP**
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
nick.klinefeldt@faegredrinker.com

*Attorneys for Defendants Tom Hart, Cody Brustkern, John Casey, Bret Tapken, and Hamdija Beganovic*

                        /s/ Kevin J. Driscoll