# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LEVITA SIMMONS, Administrator of the Estate of Arthur Scott, and JEFFREY ORVIS, Executor of the Estate of James Orvis,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>TYSON FOODS, INC., d/b/a Tyson Pet Products, and, d/b/a Tyson Fresh Meats Group, JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEVEN R. STOUFFER, TOM BROWER, MARY A. OLEKSINK, ELIZABETH CROSTON, SCOTT WALSTON, DAVID SCOTT, TOM HART, CODY BRUSTKERN, JOHN CASEY, BRET TAPKEN, HAMDIJA BEGANOVIC, RAMIZ MUJELIC, UNKNOWN Plant Managers and Supervisors at Tyson Waterloo Plant and UNKNOWN Plant Managers and Supervisors at Tyson Independence Plant,<br><br>　　　　　Defendants. | No. 21-CV-2036-LRR<br><br>**ORDER** |

The matter before the court is Plaintiffs Levita Simmons's and Jeffrey Orvis's (collectively, "Plaintiffs") unresisted "Motion for an Extension of Time to Resist Defendants' Motion to Dismiss" (docket no. 15), which Plaintiffs filed on July 12, 2021.

On June 21, 2021, Defendants Tyson Foods, Inc., John H. Tyson, Noel W. White, Dean Banks, Steven R. Stouffer, Tom Brower, Mary A. Oleksink, Elizabeth Croston, Scott Walston, David Scott, Tom Hart, Cody Brustkern, John Casey, Bret Tapken, Hamdija Beganovic and Ramiz Mujelic (collectively, "Defendants") jointly removed this

action from the Iowa District Court for Black Hawk County, bringing the case before this court. Defendants assert that this court has subject matter jurisdiction and the case is removable based primarily on federal officer removal pursuant to 28 U.S.C. § 1442(a)(1). *See generally* Joint Notice of Removal (docket no. 1) at 1-2.

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enter., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998)). Even if the parties do not dispute the existence of subject-matter jurisdiction, a court may not preside over a case without it. *See Crawford v. F. Hoffman La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction.").

In two similarly related cases, *Buljic, et al. v. Tyson Foods, Inc., et al.*, No. 20-CV-2055 and *Fernandez, et al. v. Tyson Foods, Inc., et al.*, No. 20-CV-2079, this court determined that removal based on the federal officer statute, 28 U.S.C. § 1442(a)(1), was improper and remanded the cases to the Iowa District Court for Black Hawk County. Defendants appealed these cases to the Eighth Circuit Court of Appeals, *Buljic, et al. v. Tyson Foods, Inc., et al.*, No. 21-1010, and *Fernandez, et al. v. Tyson Foods, Inc., et al.*, No. 21-1012, which have been consolidated for appeal. The primary issues on appeal are the jurisdictional issues raised by Defendants' removal of these cases based on the federal officer statute. The appeal remains pending at the Eighth Circuit.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of action before it, pending resolution of independent proceedings which bear upon the case.").

Here, given the pending appeal at the Eighth Circuit, which resolution of the appeal will directly bear upon whether this court has jurisdiction over this matter, the court will exercise its inherent power to stay this matter pending the Eighth Circuit's final ruling on the pending consolidated appeal in *Buljic* and *Fernandez*.

Accordingly, this matter is **STAYED** pending the Eighth Circuit Court of Appeals' final resolution of the consolidated appeal in *Buljic* and *Fernandez*. Furthermore, for court purposes, the Clerk of Court is **DIRECTED** to close this case administratively, subject to being reopened upon the conclusion of the Eighth Circuit's final ruling in *Buljic* and *Fernandez*. The parties are **DIRECTED** to notify the court when the case needs to be reopened. Additionally, the parties are **DIRECTED** to file a joint status report updating the court regarding the status of the appeal at sixty-day intervals until the Eighth Circuit issues a final ruling. Following the Eighth Circuit's ruling, and, upon reopening by the parties, the court will set, if necessary, by order, new deadlines for Plaintiffs' response to Defendants' motions to dismiss. The "Motion for an Extension of Time to Resist Defendants' Motion to Dismiss" (docket no. 15) is **DENIED as moot**.

**IT IS SO ORDERED**.

**DATED** this 13th day of July, 2021.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA